IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LONNIE OWENS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:15CR290-1 |
| v. ) | 1:17CV119 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Lonnie Owens, Jr. has brought a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 42.) In July 2015, Petitioner was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entry 1.) On November 3, 2015, Petitioner pled guilty pursuant to a plea agreement. (Docket Entries 10, 11; Minute Entry 11/3/2015.) Petitioner was sentenced to a term of 105 months of imprisonment, to be followed by three years of supervised release, as well as a $100 special assessment. (Docket Entry 26.) The Court entered judgment on April 19, 2016. (*Id.*) Petitioner filed an appeal. (Docket Entry 28.) Appellate counsel filed an *Anders* brief questioning whether the district court erred in denying Petitioner an acceptance-of-responsibility adjustment at sentencing, which was followed by an affirmation of the judgment on November 3, 2016 by the Fourth Circuit Court of Appeals. (Docket Entries 39, 40; *United States v. Owens*, 670 Fed. App'x 131 (2016).) Petitioner did not seek further review. (Docket Entry 42, § 9(g).) Petitioner then filed the instant motion and a supporting memorandum. (Docket Entries 42-43.) The Government filed a response

(Docket Entry 48) and Petitioner filed a reply (Docket Entry 50). The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Petitioner's Grounds

Petitioner asserts two grounds for relief. First, he argues that he was deprived of effective assistance of counsel during his sentencing hearing. (Docket Entry 42, Ground One; Docket Entry 43 at 5-13.) Second, he argues that he was deprived of effective assistance of counsel on appeal. (Docket Entry 42, Ground Two; Docket Entry 43 at 13-15.) As explained in greater detail below, neither of these arguments has merit.

## Discussion

## Ground One

To prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

First, Petitioner contends that defense counsel was ineffective for failing to investigate and to object to alleged errors in the presentence investigative report. (Docket Entry 42, Ground One; Docket Entry 43 at 5-13.) Specifically, Petitioner asserts that the presentence investigative report wrongfully included three past convictions: (1) an October 6, 1999 misdemeanor larceny conviction, (2) a March 3, 2000 misdemeanor child abuse conviction,

2

Case 1:15-cr-00290-WO   Document 51   Filed 09/16/19   Page 2 of 6

and (3) a November 17, 2002 felony grand larceny conviction. (Docket Entry 43 at 7-8; Docket Entry 22, ¶¶ 36, 45.) In support, Petitioner contends that he was incarcerated for another offense when the first two crimes allegedly occurred, and so he could not have committed them. (Docket Entry 43 at 8-9.)

This argument is not persuasive. As an initial matter, the final presentence investigative report did not include the child abuse conviction that Petitioner currently challenges and so there is no reason to believe it had any impact at sentencing. (Docket Entry 22.)

Beyond this, even assuming Petitioner is correct that defense counsel was deficient in failing to object to the larceny convictions he challenges, the purported errors had no impact on his sentence. Petitioner was attributed no criminal history points for the misdemeanor larceny conviction and three criminal history points for the felony larceny conviction. (Docket Entry 22, ¶¶ 36, 45.) At sentencing, the Court attributed to Petitioner a criminal history point total of twenty-one, a total offense level of twenty-two, a criminal history category of VI, and an advisory guidelines range of 84 to 105 months of imprisonment. (*Id.*, ¶¶ 24, 54-55; Docket Entry 34 at 83-84.) Removing the three points attributed to Petitioner for the felony larceny conviction would lower his criminal history point total to eighteen,[1] but this would have no impact on either his offense level (which would remain a twenty-two), his criminal history category (which would remain a VI), or his advisory guidelines range (which would remain 84 to 105 months of imprisonment). (Docket Entry 22, ¶¶ 36, 45; U.S. Sentencing Guidelines

---

[1] Under the relevant guidelines provision, a defendant only requires thirteen or more criminal history points to be categorized at an Offense Level of VI. U.S. Sentencing Guidelines Manual Sentencing Table, ch. 5, pt. A (2015).

3

Manual Sentencing Table, ch. 5, pt. A (2015).)  Thus, there is no reason to believe that, but for defense counsel's failure to object to the alleged errors in the presentence investigative report, the result at sentencing would have been different.  Petitioner did not suffer prejudice and this ineffective assistance of counsel claim fails.

Petitioner's next argument is also unpersuasive.  Specifically, Petitioner contends that he was deprived of effective assistance of counsel when his attorney failed to object to an allegedly improper argument by the Government at sentencing.  (Docket Entry 42, Ground One.)  Specifically, during the sentencing hearing, Petitioner was purportedly poised to receive a lighter sentence because of substantial assistance rendered, until the Government, in violation of the sentencing guidelines, persuaded the Court to rely instead on his prior arrest record to impose the harsher sentence ultimately adopted.  (Docket Entry 43 at 9-10.) Section 4A1.3(a)(3) of the United States Sentencing Guidelines prohibits "[a] prior arrest record itself [from being] considered for purposes of an upward departure[.]" U.S.S.G. § 4A1.3(a)(3).

This argument fails for several reasons.  First, there was no upward departure here and so there is no reason to believe the Court violated the prohibition set forth in U.S.S.G. § 4A1.3(a)(3).  (Docket Entry 34 at 83-84, 90.)  Second, when read in context and in its entirety, the Government's argument at sentencing clearly referred to arrests that had led to convictions, not an arrest record itself.[2]  (Docket Entry 34 at 90.)  Given that there was no improper argument made at sentencing, counsel had no obligation to raise a meritless

---

[2] (*See* Docket Entry 34 at 90 ("[Petitioner's criminal record] shows, you know, just a complete ignoring of the criminal laws of the state for the last 20 years . . . All the active sentences, all the drunk driving convictions, all the assault convictions, I think five involving a firearm, it's just an arrest every year of his life virtually and really indifference to human life.").)

4

objection. *See Simmons v. United States*, No. 1:12CR234-1, 2016 WL 4054808, at *4 (M.D.N.C July 26, 2016) (unpublished) (citing *Garrett v. United States*, 78 F.3d 1296, 1303 n.11 (8th Cir. 1996) ("Ineffective assistance should not be found under *Strickland* when counsel fails to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made.")).

Third, at sentencing, Petitioner received the benefit of any assistance rendered, and so any argument along these lines fails too. (Docket Entry 34 at 92.) Finally, evidence introduced at sentencing also supported the conclusion that Petitioner continued to commit criminal offenses after his guilty plea, including assaulting a 71-year old man, robbing him of his Oxycodone, possessing a firearm, and discharging a firearm into a vehicle. (Docket Entry 34 at 4-55.) There is no reason to believe that any objection by counsel along the lines endorsed by Petitioner would have changed the outcome of Petitioner's sentencing. Therefore, Petitioner cannot establish either element of ineffective assistance of counsel here.

## Ground Two

Petitioner next argues that he suffered ineffective assistance of counsel on appeal. Specifically, Petitioner asserts that appellate counsel erred by failing to contend on appeal that the Court was influenced at sentencing by the allegedly improper argument regarding his arrest record. (Docket Entry 42, Ground Two.) As demonstrated below, this claim also fails.

Claims of ineffective assistance of counsel on appeal are also judged using the *Strickland* test. *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983); *see also Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989). Ineffective

5

assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (Motz, J. dissenting) (quoting *Mayo v. Henderson* 13 F.3d 528, 533 (2nd Cir. 1994); *United States v. Fox*, No. 94-6710, 1996 WL 359574, at *2 (4th Cir. June 28, 1996) (unpublished).

As discussed above, Petitioner failed to raise any persuasive claims involving an error at sentencing. In light of this, appellate counsel was not ineffective for failing to raise meritless claims on appeal. *See Foote v. Solomon*, No. 1:14CV877, 2015 WL 5674903, at *11 n.13 (M.D.N.C. Sept. 25, 2015) (unpublished) ("Appellate counsel has no obligation to raise on appeal meritless claims."). Therefore, Petitioner has failed to establish that appellate counsel was ineffective.[3]

### Conclusion

For the reasons set forth above, Petitioner's motion should be denied. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 42) be **DENIED** and that this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

September 16, 2019
Durham, North Carolina

---

[3] To the extent that Petitioner argues that the language in counsel's *Anders* brief "[described] the sentencing issue in the most appellant-unfriendly terms possible" and thus constituted ineffective assistance, (Docket Entry 43 at 14) this Court disagrees. No stylistic changes to the brief would have transformed Petitioner's meritless claims into those that would warrant relief.

6