IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LONNIE OWENS, JR.,                  )
                                    )
    Petitioner,                     )
                                    )       1:17CV119
  v.                                )       1:15CR290-1
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    Respondent.                     )

**ORDER**

This matter is before this court for review of the Recommendation filed on September 16, 2019, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 51.) In the Recommendation, the Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 42), be denied without issuance of a certificate of appealability. The Recommendation was served on the parties to this action on September 16, 2019. (Doc. 52.) Petitioner timely filed objections, (Doc. 53), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation. However, this court will further address Petitioner's objections.

Petitioner argues that defense counsel was ineffective for failing to investigate and object to three errors in his criminal history contained in the presentence report. (Doc. 42; Doc. 43 at 7-9.) Petitioner claims that a 10/6/1999 misdemeanor larceny conviction (PSR (Doc. 22) ¶ 36), a 3/3/2000 misdemeanor child abuse, (Doc. 43 at 8), and an 11/17/2002 felony Grand Larceny conviction (PSR ¶ 45) were not accurate. Counsel responds that Petitioner did make a claim that certain convictions were not accurate, but that he investigated the convictions with the Probation Officer, reported back to Petitioner and no further objection was raised. (Doc. 48-2 at 6-7.) While there may be some dispute between these two accounts of whether Petitioner objected, there is a fundamental reason Petitioner's claim should be dismissed.

To obtain a hearing or any form of relief, "a habeas petitioner must come forward with some evidence that the claim might have merit." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Petitioner's "conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quotation marks omitted). Furthermore,

> [a] mere objection to [a] finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate. Without an affirmative showing the information is inaccurate, the court is "free to adopt the findings of the [presentence report] without more specific inquiry or explanation."

United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir. 1990)).

As found by the Magistrate Judge and contrary to Petitioner's allegations, the Presentence Report does not contain a reference to a misdemeanor child abuse offense. (See Doc. 22.) This objection is meritless.

The two remaining convictions which are allegedly improper are found in paragraphs 36 and 45 of the Presentence Report. In paragraph 36, the misdemeanor larceny conviction is alleged to have an offense date of January 29, 1999, an arrest date of October 6, 1999, and a conviction date of October 28, 1999. (PSR (Doc. 22) ¶ 36.) The felony Grand Larceny conviction, reported at paragraph 45 of the Presentence Report, is alleged to have an offense date of November 17, 2002, an arrest date of November 17, 2002, and a date of conviction of September 11, 2006. (See id. ¶ 45.) Petitioner offers no evidence that these convictions were improperly included.

Petitioner argues that the inaccuracy of at least two of the complained-of convictions is verifiable because Petitioner was in the custody of the North Carolina Department of Public Safety "when two of the offenses were alleged to have occurred." (Doc. 43 at 8.) To confirm that fact, Petitioner cites his online offender history from the NCDPS. (Id. at 8-9 n.7.) Petitioner did not attach that exhibit to his pleadings, but he does recite that those records reflect Petitioner was an inmate "from 10/6/1999 until his actual release on 5/25/2000." (Id. at 9 n.7.) The dates of custody recited by Petitioner, 10/6/1999 through 5/25/2000, are consistent with those recited in the Presentence Report, (see PSR (Doc. 22) ¶¶ 34, 35), and are

-4-

inconsistent with Petitioner's claim of error. As noted above, the misdemeanor larceny conviction has an offense date of January 29, 1999, (PSR (Doc. 22) ¶ 36), and the Grand Larceny conviction reflects an offense date of November 17, 2002, (see id. ¶ 45). Petitioner presents no evidence that he was in prison at the time of the offenses described in paragraphs 36 and 45 of the Presentence Report.

Petitioner's claim of ineffective assistance of counsel for failing to object to the criminal history contained in the Presentence Report is without merit.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 51), is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 42), is **DENIED** and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 23rd day of January, 2020.

/s/ William L. Osteen, Jr.
United States District Judge